**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| SPEECH TRANSCRIPTION, LLC, | § |
| Plaintiff | § § § |
| v. | § § CIV. ACTION NO. 2:23-cv-00605-JRG-RSP |
| EXABEAM, INC., | § § § |
| Defendant. | § § § |

**DEFENDANT EXABEAM, INC.'S MOTION TO DISMISS PLAINTIFF SPEECH TRANSCRIPTION, LLC'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT PURSUANT TO 35 U.S.C. § 101 AND MEMORANDUM OF LAW IN SUPPORT**

**TABLE OF CONTENTS**

Introduction ............................................................................................................................. 1
Background ............................................................................................................................. 1
    A.    The '799 Patent. ......................................................................................................... 2
    B.    Claim 14. .................................................................................................................... 3
Legal Standard ........................................................................................................................ 3
    A.    Failure to State a Claim. ............................................................................................ 3
    B.    Patent-Eligible Subject Matter Under § 101. ............................................................ 3
Argument ................................................................................................................................. 5
    A.    Alice Step One. .......................................................................................................... 5
    B.    Alice Step Two .......................................................................................................... 8
Conclusion ............................................................................................................................... 9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Affinity Labs of Tex., LLC v. Amazon.com, Inc.*,
  838 F.3d 1266 (Fed. Cir. 2016)............................................................................................... 5

*Affinity Labs of Tex., LLC v. DIRECTV, LLC*,
  838 F.3d 1253 (Fed. Cir. 2016)............................................................................................... 6

*Alice Corp. Pty. Ltd. v. CLS Bank Int'l*,
  573 U.S. 208 (2014)........................................................................................................ passim

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)............................................................................................................ 3, 5

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)............................................................................................................ 3, 5

*CardioNet, LLC v. InfoBionic, Inc.*,
  955 F.3d 1358 (Fed. Cir. 2020)............................................................................................... 4

*Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat'l Ass'n*,
  776 F.3d 1343 (Fed. Cir. 2014)............................................................................................... 5

*Credit Acceptance Corp. v. Westlake Servs.*,
  859 F.3d 1044 (Fed. Cir. 2017)............................................................................................... 7

*cxLoyalty Inc. v. Maritz Holdings Inc.*,
  986 F.3d 1367 (Fed. Cir. 2021)........................................................................................... 6, 7

*e-Numerate Sols., Inc. v. United States*,
  149 Fed. Cl. 563 (2020) .......................................................................................................... 7

*Elec. Commc'n Techs., LLC v. ShoppersChoice.com,*
  *LLC*, 958 F.3d 1178 (Fed. Cir. 2020) ..................................................................................... 3

*Elec. Power Grp., LLC v. Alstom S.A.*,
  830 F.3d 1350 (Fed. Cir. 2016)............................................................................................... 6

*FairWarning IP, LLC v. Iatric Sys., Inc.*,
  839 F.3d 1089 (Fed. Cir. 2016)............................................................................................... 7

*Free Stream Media Corp. v. Alphonso Inc.*,
  996 F.3d 1355 (Fed. Cir. 2021)............................................................................................... 8

*Internet Pats. Corp. v. Active Network, Inc.*,
    790 F.3d 1343 (Fed. Cir. 2015) ..................................................................................6

*Loyalty Conversion Sys. Corp. v. Am. Airlines, Inc.*,
    66 F. Supp. 3d 829 (E.D. Tex. 2014) .........................................................................4

*NexusCard, Inc. v. Kroger Co.*,
    173 F. Supp. 3d 462 (E.D. Tex. 2016), *aff'd*, 688 F. App'x 916 (Fed. Cir.
    2017) ..........................................................................................................................7

*Parus Holdings Inc. v. Sallie Mae Bank*,
    137 F. Supp. 3d 660 (D. Del. 2015), *aff'd*, 677 F. App'x 682 (Fed. Cir. 2017) ........9

*SAP Am., Inc. v. InvestPic, LLC*,
    898 F.3d 1161 (Fed. Cir. 2018) ..................................................................................8

*Simio, LLC v. FlexSim Software Prods., Inc.*,
    983 F.3d 1353 (Fed. Cir. 2020) ..................................................................................8

*Trading Techs. Int'l, Inc. v. IBG LLC*,
    921 F.3d 1378 (Fed. Cir. 2019) ..................................................................................4

*Two-Way Media Ltd. v. Comcast Cable Commc'ns, LLC*,
    874 F.3d 1329 (Fed. Cir. 2017) ..................................................................................6

*Universal Secure Registry LLC v. Apple Inc.*,
    10 F.4th 1342 (Fed. Cir. 2021), *cert. denied*, 212 L. Ed. 2d 778, 142 S. Ct.
    2707 (2022) ........................................................................................................7, 8, 9

**Statutes**

28 U.S.C. §§ 1391(c)(2) and 1400(b) ...............................................................................2

35 U.S.C. § 101 ......................................................................................................... *passim*

**Other Authorities**

Rule 12 ................................................................................................................................8

Rule 12(b)(6) .......................................................................................................................3

U.S. Patent No. 8,939,799 ......................................................................................... *passim*

Defendant Exabeam, Inc. ("Exabeam") respectfully requests that the Court dismiss the entirety of the Original Complaint for Patent Infringement ("Complaint") filed by plaintiff Speech Transcription, LLC ("Plaintiff"), for failure to state a claim upon which relief can be granted. The asserted claim of U.S. Patent No. 8,939,799 (the "'799 patent") is directed to an abstract idea with no inventive concept, and thus is invalid as a matter of law under 35 U.S.C. § 101 ("Section 101").

## INTRODUCTION

The complaint alleges infringement of the '799 patent. The '799 patent is directed to a security management system that receives and executes security software from multiple vendors. *See e.g.*, '799 patent at Abstract. The asserted claim of the '799 patent, claim 14, concerns nothing more than a highly abstract concept:

> A security subsystem configurable between a network and a host of an endpoint, the security subsystem comprising computing resource for providing:
>
> > An open platform for receiving and executing security function software modules from multiple vendors for providing defense functions for protection of the host.

This claim lacks any specific components or structure that would elevate its abstract concept to a level eligible for patent protection. It is characterized by a broad generality, described in functional language, and relies on unspecified, generic computing elements. Based on the Supreme Court's *Alice* criteria for determining patent eligibility, it is evident that the asserted claim of the '799 patent does not meet the necessary standards and is, therefore, unequivocally invalid.

## BACKGROUND

On December 15, 2023, Plaintiff filed the Complaint in this action alleging that Exabeam infringes claim 14 of the '799 Patent. Plaintiff is a non-practicing entity that has filed numerous

1

lawsuits, each alleging infringement of claim 14 of the '799 patent. According to Pacer,[1] these cases are typically resolved within a few months of filing, strongly suggesting Plaintiff is just seeking cost-of-defense based settlements:

| Party | Case No. | Case Name | Court | Filed | Closed |
|---|---|---|---|---|---|
| Speech Transcription LLC (pla) | 3:2023cv01520 | Speech Transcription LLC v. Sophos Ltd | Texas Northern District Court | 07/07/2023 | 08/23/2023 |
| Speech Transcription LLC (pla) | 3:2023cv01155 | Speech Transcription LLC v. Huawei Technologies Co Ltd et al | Texas Northern District Court | 05/18/2023 | 09/13/2023 |
| Speech Transcription, LLC (pla) | 5:2023cv04196 | Speech Transcription, LLC v. SecPod Technologies, Inc. | California Northern District Court | 08/17/2023 | 10/25/2023 |
| Speech Transcription, LLC (pla) | 3:2023cv04199 | Speech Transcription, LLC v. Sondrel, Inc. | California Northern District Court | 08/17/2023 | 02/08/2024 |
| Speech Transcription, LLC (pla) | 3:2024cv01228 | Speech Transcription, LLC v. SentinelOne, Inc. | California Northern District Court | 02/29/2024 | |
| Speech Transcription, LLC (pla) | 3:2023cv01520 | v. Speech Transcription, LLC et al | California Southern District Court | 08/17/2023 | 08/21/2023 |
| Speech Transcription, LLC (pla) | 0:2023cv62420 | Speech Transcription, LLC | Florida Southern District Court | 12/29/2023 | 01/02/2024 |
| Speech Transcription, LLC (pla) | 0:2023cv62421 | Speech Transcription, LLC v. Netsurion, LLC | Florida Southern District Court | 12/29/2023 | |
| Speech Transcription, LLC (pla) | 0:2023cv62432 | Speech Transcription, LLC v. SentinelOne, Inc. | Florida Southern District Court | 12/29/2023 | 02/29/2024 |
| Speech Transcription, LLC (pla) | 2:2023cv00516 | Speech Transcription, LLC v. Qualcomm, Inc. | Texas Eastern District Court | 11/08/2023 | 11/14/2023 |
| Speech Transcription, LLC (pla) | 2:2023cv00605 | Speech Transcription, LLC v. Exabeam, Inc. | Texas Eastern District Court | 12/15/2023 | |
| Speech Transcription, LLC (pla) | 6:2023cv00376 | Speech Transcription, LLC v. Cisco Systems, Inc. | Texas Western District Court | 05/16/2023 | 08/22/2023 |
| Speech Transcription, LLC (pla) | 6:2023cv00377 | Speech Transcription, LLC v. Oracle Corporation | Texas Western District Court | 05/16/2023 | 08/23/2023 |
| Speech Transcription, LLC (pla) | 1:2023cv00771 | Speech Transcription, LLC v. VMware, Inc. | Texas Western District Court | 07/07/2023 | 09/04/2023 |
| Speech Transcription, LLC (pla) | 1:2023cv01528 | Speech Transcription, LLC v. Vectra AI, Inc. | Texas Western District Court | 12/15/2023 | |

Plaintiff employs a largely uniform approach in drafting these complaints against the various defendants. Indeed, Plaintiff's complaint in this case mistakenly refers to the Western District of Texas instead of the Eastern District, suggesting a template-based approach to these complaints. *See* Compl. ¶ 9 ("Venue is proper in the Western District of Texas as to Defendant pursuant to at least 28 U.S.C. §§ 1391(c)(2) and 1400(b).").

A.   **The '799 Patent.**

The '799 patent relates generally to the protection and management of endpoint computing systems. It describes a unified approach to security, facilitating the enhancement of security measures, the management of security protocols, and the streamlined provision and acquisition of security services.

---

[1] Plaintiff's litigation history is publicly documented and thus, subject to judicial notice.

B.    **Claim 14.**

In the complaint, Plaintiff expressly identifies only one asserted claim allegedly infringed by Exabeam, claim 14 of the '799 patent.  *See* Compl. ¶¶ 31, 32, 36.  Claim 14 is additionally the sole claim charted in Plaintiff's complaint.  *See* Compl. Ex. B.

Claim 14 of the '799 patent recites:

A security subsystem configurable between a network and a host of an endpoint, the security subsystem comprising computing resource for providing:

> An open platform for receiving and executing security function software modules from multiple vendors for providing defense functions for protection of the host.

## LEGAL STANDARD

A.    **Failure to State a Claim.**

A complaint cannot survive a motion to dismiss unless it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  While the Court must accept factual allegations as true, it is not required to accept as true allegations that amount to legal conclusions, conclusory statements, "a formulaic recitation of the elements of a cause of action," or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. at 678 (quoting *Twombly*, 550 U.S. at 557).

B.    **Patent-Eligible Subject Matter Under § 101.**

The Court may determine patent eligibility under § 101 on a Rule 12(b)(6) motion to dismiss.  *See Elec. Commc'n Techs., LLC v. ShoppersChoice.com*, LLC, 958 F.3d 1178, 1184

(Fed. Cir. 2020) ("[W]e have repeatedly affirmed § 101 rejections at the motion to dismiss stage, before claim construction or significant discovery has commenced . . . .") (citation omitted); *See also Loyalty Conversion Sys. Corp. v. Am. Airlines, Inc.*, 66 F. Supp. 3d 829, 847 (E.D. Tex. 2014); *Network Architecture Innovations LLC v. CC Network Inc.*, 2017 WL 1398276, at *7 (E.D. Tex. Apr. 18, 2017).

35 U.S.C. § 101 outlines the categories of inventions that are eligible for patent protection under United States law. It states: "Whoever invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof, may obtain a patent therefor, subject to the conditions and requirements of this title." There is, however, "an important implicit exception: Laws of nature, natural phenomena, and abstract ideas are not patentable." *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 573 U.S. 208, 216 (2014) (citation omitted). In *Alice*, the Supreme Court established a two-step framework to determine whether a claim is directed to such ineligible subject matter.

**Alice step one:** The first step is to "determine whether the claims at issue are directed to one of those patent-ineligible concepts"—e.g., an abstract idea. *Id*. at 217. "Alice step one presents a legal question that can be answered based on the intrinsic evidence" and "does not require an evaluation of the prior art or facts outside of the intrinsic record." *CardioNet, LLC v. InfoBionic, Inc.*, 955 F.3d 1358, 1372 (Fed. Cir. 2020). "Under this inquiry, [courts] evaluate the focus of the claimed advance over the prior art to determine if the character of the claim as a whole, considered in light of the specification, is directed to excluded subject matter." *Trading Techs. Int'l, Inc. v. IBG LLC*, 921 F.3d 1378, 1384 (Fed. Cir. 2019) (quotation omitted). Where a claim recites "a desired function or outcome, without providing any limiting detail that confines the claim to a particular solution to an identified problem," the "functional nature of the claim confirms that

4

it is directed to an abstract idea." *Affinity Labs of Tex., LLC v. Amazon.com, Inc.*, 838 F.3d 1266, 1269 (Fed. Cir. 2016).

**Alice step two:** If a claim is directed to ineligible subject matter, the second step is to "consider the elements of each claim both individually and as an ordered combination to determine whether [any] additional elements transform the nature of the claim into a patent eligible application." *Alice*, 573 U.S. at 217 (quotation omitted). This step is a search for an "inventive concept—i.e., an element or combination of elements that is sufficient to ensure that the patent in practice amounts to significantly more than a patent upon the ineligible concept itself." *Id*. at 217–18 (quotations omitted). For a computer-implemented invention to satisfy step two, "it must involve more than performance of 'well-understood, routine, [and] conventional activities previously known to the industry.'" *Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat'l Ass'n*, 776 F.3d 1343, 1347–48 (Fed. Cir. 2014) (quoting *Alice*, 573 U.S. at 225). Claims that "merely require generic computer implementation, fail to transform [an] abstract idea into a patent-eligible invention. *Alice*, 573 U.S. at 221.

## ARGUMENT

The sole claim charted in this Complaint, claim 14, fails both steps of the two-part *Alice* test[2].

### A.     Alice Step One.

Claim 14 claims the abstract idea of a middleman platform for accepting and running security software modules from various vendors. This is clear given that claim 14 is framed in

---

[2] Any argument by Plaintiff in its opposition regarding other claims of the '799 patent should be rejected because the Complaint – like Plaintiff's other complaints – discusses only claim 14. Plaintiff's Complaint fails under *Iqbal* and *Twombly* if Plaintiff is alleging infringement of any other claims of the '799 patent.

broad, functional terms, claiming nothing more than an "open platform" for "receiving and executing security function software modules."

When evaluating claims expressed in functional language, courts examine "whether the claims in the patent focus on a specific means or method, or are instead directed to a result or effect that itself is the abstract idea and merely invokes generic processes and machinery." *Two-Way Media Ltd. v. Comcast Cable Commc'ns, LLC*, 874 F.3d 1329, 1337 (Fed. Cir. 2017). Furthermore, claims "directed to generalized steps to be performed on a computer using conventional computer activity are not patent eligible." *Id*.

Here, claim 14 concerns a generic "security subsystem configurable between a network and a host of an endpoint" written in functional terms to perform a series of steps. '799 Patent at 19:47-52.  Claim 14, however, does not specify ***how*** the steps, or functions, are to be carried out. *See Affinity Labs of Tex., LLC v. DIRECTV, LLC*, 838 F.3d 1253, 1258 (Fed. Cir. 2016) (claim was ruled ineligible due its abstract nature because "[t]here is nothing in [the] claim that is directed to how to implement out-of-region broadcasting on a cellular telephone"); *Internet Pats. Corp. v. Active Network, Inc.*, 790 F.3d 1343, 1348 (Fed. Cir. 2015) (determining the claim as abstract because it "contains no restriction on how the result is accomplished"). The use of this type of "result-focused, functional character of claim language . . . has been a frequent feature of claims held ineligible under § 101." *Elec. Power Grp., LLC v. Alstom S.A.*, 830 F.3d 1350, 1356 (Fed. Cir. 2016); *see also cxLoyalty Inc. v. Maritz Holdings Inc.*, 986 F.3d 1367, 1380 (Fed. Cir. 2021) (ruling patent-ineligible a claim for a "platform" which "provides the ability for a participant to use a single loyalty program GUI to make points-based purchases directly from multiple third-party vendor systems via multiple APIs.").

The security subsystem outlined in Claim 14 essentially involves merely gathering security

6

tools from various sources and integrating them into a single "open platform," a process that is intrinsically abstract.  Courts have held that merging features from various vendors does not alter the abstract essence of the claim.  *FairWarning IP, LLC v. Iatric Sys., Inc.*, 839 F.3d 1089, 1096–97 (Fed. Cir. 2016) ("The mere combination of []sources, however, does not make the claims patent eligible."); *see also cxLoyalty, Inc.* 986 F.3d 1367 at 1380-81.

The abstract idea articulated in claim 14 is analogous to a server rack designed to accommodate a diverse array of servers, each with the potential to perform a wide range of functions. The rack may be outfitted with capabilities for power supply, cooling, and connectivity. The servers can be from any number of vendors and perform any number of functions.  While the servers themselves may be capable of performing non-abstract functions, either separately or in combination, the rack that holds and connects them is nothing more than an abstract concept.  *See also e-Numerate Sols., Inc. v. United States*, 149 Fed. Cl. 563, 584 (2020) ("The mere combination of data sources, however, does not make the claims patent eligible"); *NexusCard, Inc. v. Kroger Co.*, 173 F. Supp. 3d 462, 467 (E.D. Tex. 2016), *aff'd*, 688 F. App'x 916 (Fed. Cir. 2017) ("[D]escribing two abstract ideas in connection with each other…does not cause either abstract idea to then become a concrete thing."); *see also Credit Acceptance Corp. v. Westlake Servs.*, 859 F.3d 1044, 1055–56 (Fed. Cir. 2017) (holding that claims directed to "configuring a computer system to combine data from multiple electronic data sources" are inherently abstract).

Additionally, claim 14 closely resembles those found to be ineligible in *Universal Secure Registry LLC v. Apple Inc*., 10 F.4th 1342, 1353 (Fed. Cir. 2021), *cert. denied*, 212 L. Ed. 2d 778, 142 S. Ct. 2707 (2022).  There, the Federal Circuit examined the patent eligibility of a claim concerning an electronic device designed for conducting secure financial transactions, which verifies the user through two forms of identification—namely, biometric data and secret

information supplied by the user. *Id*. at 1351-52. The Federal Circuit determined that the patent claims in question were aimed at the abstract idea of authenticating a user with standard tools while creating and sending that authentication, which merely amalgamated several pre-existing tools into one device without enhancing the technology itself. *Id*. at 1352.

Lastly, Plaintiff's conclusory allegations that claims of the '799 Patent "comprise nonconventional approaches that transform the inventions as claimed into substantially more than mere abstract ideas" and "are not drawn . . . to abstract ideas" fail to save claim 14. Conclusory allegations hold no merit in Section 101 analysis at the Rule 12 stage. *Simio, LLC v. FlexSim Software Prods., Inc.*, 983 F.3d 1353, 1365 (Fed. Cir. 2020).

### B. Alice Step Two

Despite Plaintiff's allegations in its complaint, claim 14 of the '799 patent also fails at *Alice* step two because no inventive concept can be identified in the claim. Claim 14's recited elements are well-known, routine, and conventional, and fail to transform the abstract idea into a patent-eligible invention.

"Security subsystem," "network," "host," "endpoint," and "computing resources" are all generic and conventional computer components recited in claim 14. Similarly, claim 14 only recites functionality for executing the abstract idea of amalgamating widely recognized and unoriginal tools provided by others. *See SAP Am., Inc. v. InvestPic, LLC*, 898 F.3d 1161, 1170 (Fed. Cir. 2018) (determining claim ineligible under *Alice* Step Two because "[t]here is, in short, nothing 'inventive' about any claim details individually or in combination, that are not themselves in the realm of abstract ideas."); *see e.g., Free Stream Media Corp. v. Alphonso Inc.*, 996 F.3d 1355, 1366 (Fed. Cir. 2021) (holding "the claimed elements … comprise generic computing components—e.g., 'servers'—arranged in a conventional manner and thus do[] not transform the

claim into something other than the abstract idea"). Significantly, claim 14 does not specify any computer or software that represents an improvement upon existing technology. *Parus Holdings Inc. v. Sallie Mae Bank*, 137 F. Supp. 3d 660, 674 (D. Del. 2015), *aff'd*, 677 F. App'x 682 (Fed. Cir. 2017) (finding the claims in question were devoid of an inventive concept because of their lack of specificity and did not "reference any customization" of the hardware and software described in the claims).

Additionally, claim 14 does not recite any unique security methods. Rather, it claims a security subsystem that provides for an "open platform" to aggregate already known defense software modules—i.e., a server rack. Claim 14 concerns nothing more than the "combination of [] long-standing conventional methods" for security which would "yield[] expected results of an additive increase in security" from each individual vendor's module. *Universal Secure Registry*, 10 F.4th at 1353. "There is nothing in the specification suggesting, or any other factual basis for a plausible inference (as needed to avoid dismissal), that the claimed combination of these conventional [] techniques achieves more than the expected sum of the security provided by each technique." *Id*. Nothing within claim 14 offers a basis for its salvage at *Alice* step two.

## CONCLUSION

For the foregoing reasons, Exabeam respectfully requests that this Court find claim 14 of the '799 patent to be invalid under Section 101 and dismiss Speech Transcription, LLC's Complaint with prejudice for failure to state a claim.

Dated:  April 1, 2024

Respectfully submitted,

By: */s/ Eric H. Findlay*
Eric H. Findlay
State Bar No. 00789886
Brian Craft
State Bar No. 04972020
FINDLAY CRAFT, P.C.
7270 Crosswater Avenue, Ste. B
Tyler, TX 75703
Tel: (903) 534-1100
Fax: (903) 534-1137
Email: efindlay@findlaycraft.com
Email: bcraft@findlaycraft.com

Brett Schuman
BSchuman@goodwinlaw.com
**GOODWIN PROCTER LLP**
Three Embarcadero Center, Suite 2800
San Francisco, CA  94111
Tel.: +1 415 733 6000
Fax: +1 415 677 9041

Fred Feyzi
FFeyzi@goodwinlaw.com
**GOODWIN PROCTER LLP**
601 Marshall Street
Redwood City, CA 94063
Tel.: +1 650 752 3100
Fax: +1 650 853 1038

Attorneys for Defendant Exabeam, Inc.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic services are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 1st day of April, 2024.

*/s/ Eric H. Findlay*
Eric H. Findlay

**CERTIFICATE OF COMPLIANCE WITH THE COURT'S 35 U.S.C. § 101 MOTION PRACTICE ORDER**

_____   The parties agree that prior claim construction is not needed to inform the Court's analysis as to patentability.

\_\_X\_\_   The parties disagree that prior claim construction is not needed to inform the Court's analysis as to patentability.

*/s/ Brett Schuman*
Brett Schuman